## Commonwealth ex rel. McBride v. City of Wilkes-Barre

*Robert J. Trace* and *C. Russell Welch, Jr.,* for plaintiff.

*Peter Paul Olszewski,* for defendant.

RICHARDS, P. J., August 12, 1958.—Plaintiff has instituted this action in mandamus in an endeavor to compel defendant to abate its discharge of untreated sewage into the north branch of the Susquehanna River, and to compel it to construct a primary sewage treatment plant in accordance with the permit and the plans and specifications as directed by the sanitary water board by its order of May 19, 1950. The complaint also seeks an injunction to restrain defendant from making any other public expenditures for municipal improvements until the primary sewage treatment plant has been constructed and placed in operation in accordance with the order of the sanitary water board. To the complaint preliminary objections have been filed by defendant. Under these circumstances the averments of fact in the complaint must be accepted as true, and the merits of the case are not presently before us.

The first objection is that the complaint fails to name the proper officers or officials of the City of Wilkes-Barre as defendants in accordance with Pa. R. C. P. 1094, relating to mandamus. This rule is entitled "Parties Defendant". Paragraph (a) thereof reads as follows:

"(a) When an action is commenced to compel performance of a public act or duty by a political subdivision of the Commonwealth, it shall be sufficient to name as defendants such officers in their official capacities as are concerned in the act or duty."

"Political subdivision" includes a city: Pa. R. C. P. 76. A city may be joined as a party defendant although that is not required.

"Subdivision (a) provides that when an action is commenced to compel a political subdivision of the state to perform a public act or duty it is *necessary* to name only the particular individuals in their official capacities who are subject to the alleged duty to per-

form the act. Thus an action would be brought by the plaintiff against A, B, and C, County Commissioners of X County. The County as such need not be joined as a defendant": 3 Anderson Pa. Civ. Pract. 329. (Italics supplied.)

This would seem to dispose of the matter. However, plaintiff points to Pa. R. C. P. 2102(*b*). This states that:

"(b) An action shall be brought by and against a political subdivision in its name."

This may be true generally as in an action of trespass or assumpsit, but it does not apply specifically to mandamus.

It is our conclusion that the proper officers and officials of the City of Wilkes-Barre must be made parties defendant. Therefore, we sustain preliminary objection no. 1, and grant leave to plaintiff to make the necessary amendment.

The sixth preliminary objection avers that the complaint is defective because it fails to state that there is no other adequate remedy at law. Rule 1095 provides:

"The plaintiff shall set forth in the complaint: . . .

"(6) the want of any other adequate remedy at law; . . ."

Accordingly, we sustain this objection but permit an amendment to accord with the rule.

The second objection challenges the jurisdiction of the court in this proceeding to enjoin defendant from making any other public expenditures for municipal improvements until the primary sewage treatment plant has been constructed and placed in operation.

The Act of June 22, 1937, P. L. 1987, provides that when a municipality has been served with an order of the sanitary water board to abate its discharge of untreated sewage, it shall take steps to comply by constructing the necessary facilities. The act then provides:

"The Attorney General, at the instance of the board, may enforce this provision of the act by action of mandamus": 35 PS §691.210.

There is nothing in the act to suggest that by such remedy a municipality may be enjoined from spending money for other public improvements pending compliance with the board's order. It is also significant that counsel for plaintiff at the argument did not attempt to justify such a restraining order. To do so would improperly interfere with the lawful activities of the municipality. As stated in McQuillin on Municipal Corporations, 3d Ed. vol. 17, §49.51, pp. 275-276:

". . . public officers and municipalities may be restrained by injunction when they are acting illegally or without authority and in breach of the public trust committed to them and thereby causing irreparable injury. . . . On the other hand, the general rule is that no act of a municipal corporation within the sphere of its powers, which is free from fraud or collusion, and which involves the exercise of administrative or legislative discretion on the part of the municipal authorities will be restrained by injunction, unless there is an abuse of discretion resulting in damage or oppression to an individual, or his property or his rights therein."

Other authorities could be cited but we deem it unnecessary to do so. We therefore sustain objection no. 2.

Objections no. 3 and no. 4 are based upon section 203 of the act: 35 PS §691.203. The pertinent part thereof is:

"In the case of a municipality, orders to discontinue existing discharges of sewage shall be by notice in writing (after investigation and hearing and an opportunity for all persons interested therein to be heard thereon). . . ."

Objection no. 3 avers that the complaint fails to allege that the above required notice in writing was given to defendant. Objection no. 4 avers that the com-

plaint fails to allege that there was an investigation and hearing and opportunity for defendant to be heard.

Objection no. 5 avers that the complaint fails to allege that the board served notice upon defendant to abate its discharge of untreated or inadequately treated sewage as required by section 210 of the act: 35 PS §691.210.

All of the matters complained of in objections nos. 3, 4 and 5 may easily be remedied by amendment which we accordingly allow.

To summarize, we sustain each of the six objections and allow amendment in each case except as to objection no. 2.

### Order

And now, to wit, August 12, 1958, each of the six preliminary objections is sustained. Plaintiff is hereby granted permission to amend its complaint, as indicated above, in the matters referred to in preliminary objections nos. 1, 3, 4, 5 and 6. Said amendments shall be made within 30 days from the date of this order.

The prothonotary is directed to notify the parties or their counsel of this order forthwith.